UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

TREY LAWRENCE,

          Plaintiff,          Case No. 1:23-cv-148

v.                                 Honorable Phillip J. Green

UNKNOWN GASKILL, et al.,

          Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 5.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 6.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing* in*, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff— at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ."

2

28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under Rule 21 of the Federal Rules of Civil Procedure, a court may at any time, with or without motion, add or drop a party for misjoinder or nonjoinder. Fed. R. Civ. P. 21. Applying this standard regarding joinder, the Court will drop as misjoined Defendants Bush and Velmer, and dismiss Plaintiff's claims against them without prejudice.

Moreover, under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

3

Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, all of Plaintiff's claims against Defendant Gaskill remain in the case. The Court will also deny Plaintiff's motion to appoint counsel. (ECF No. 3.)

## Discussion

### I. Motion to Appoint Counsel

As noted *supra*, Plaintiff has moved for the appointment of counsel. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position. Plaintiff's motion to appoint counsel (ECF No. 3) will, therefore, be denied.

## II. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. The events about which he complains occurred at that facility, as well as during Plaintiff's incarceration at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. Plaintiff sues ICF Registered Nurse Unknown Gaskill, as well as MBP Inspector Unknown Bush and Corrections Officer Unknown Velmer.

In April of 2022, while Plaintiff was incarcerated at ICF, he had a confrontation with Defendant Gaskill regarding an "insulin injection during Ramadan." (ECF No. 1, PageID.2.) According to Plaintiff, he was to receive his insulin with his Ramadan food bag at the adjusted dinner time. (*Id.*) Plaintiff indicates that he receives insulin injections twice a day, once before breakfast and once before dinner. (*Id.*) Plaintiff threatened to file a grievance regarding this issue. (*Id.*) After Plaintiff threatened to file a grievance, Defendant Gaskill told him that "she does not cater to Muslims." (*Id.*) Plaintiff claims that Defendant Gaskill denied him his insulin from April 7–13, 2022, causing Plaintiff to become sick. (*Id.*)

On April 14, 2022, Defendant Gaskill came to Plaintiff during "his regular time to receive his insulin." (*Id.*) Defendant Gaskill told Plaintiff to take his insulin at that time, or she would not give it to him at all. (*Id.*) Defendant Gaskill reiterated that she "will not [accommodate] special [privileges] to you Muslims." (*Id.*) Defendant Gaskill also mentioned that Plaintiff liked to file grievances against her. (*Id.*) Plaintiff took his insulin, forcing him to end his religious fast for Ramadan. (*Id.*)

5

Subsequently, Plaintiff was "told to pack up his personal property and prepare to be transferred." (*Id.*)  When he arrived at MBP, Defendant Velmer told Plaintiff that all of his property had been turned over to Defendant Bush. (*Id.*)  Plaintiff threatened to file a grievance, and Defendant Velmer gave Plaintiff his television, tablet, shoes, and some other items. (*Id.*)

On September 19, 2022, Plaintiff was called to the property room at MBP. (*Id.*)  He was given his legal documents, which had previously been given to Defendant Bush. (*Id.*)  After returning to his cell, Plaintiff "found several legal folders missing, and immediately filed a grievance." (*Id.*)  He avers that Grievance Coordinator Q. Bolton (not a party) submitted a property claim on his behalf. (*Id.*)

Based on the foregoing, Plaintiff asserts First Amendment retaliation claims against Defendants Bush and Velmer. (*Id.*, PageID.3.)  He also contends that Defendant Gaskill violated his Eighth Amendment rights, as well as his Fourteenth Amendment equal protection rights. (*Id.*)  The Court also construes Plaintiff's complaint to assert First Amendment access to the courts claims and Fourteenth Amendment due process claims premised upon the deprivation of property against Defendants Bush and Velmer, and First Amendment retaliation and free exercise claims against Defendant Gaskill. Plaintiff seeks compensatory and punitive damages. (*Id.*)

## III. Misjoinder

### A. Joinder

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).

Courts have recognized that, where multiple parties are named, as in this case, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1655 (3d ed. 2001), *quoted in Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009), *and Garcia v. Munoz*, No. 08-1648, 2008 WL 2064476, at *3 (D.N.J. May 14,

7

2008); *see also United States v. Mississippi*, 380 U.S. 128, 142–43 (1965) (discussing that joinder of defendants is permitted by Rule 20 if both commonality and same transaction requirements are satisfied).

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778 (internal quotation marks omitted). When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Id.* (citation omitted).

Permitting improper joinder in a prisoner civil rights action also undermines the purpose of the PLRA, which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004). The Seventh Circuit has explained that a prisoner like plaintiff may not join in one complaint all of the defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform

8

> Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . . .
>
> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Brown v. Blaine*, 185 F. App'x 166, 168–69 (3d Cir. 2006) (allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA).

Under these circumstances, to allow Plaintiff to proceed with improperly joined claims and Defendants in a single action would permit him to circumvent the PLRA's filing fee provisions and allow him to avoid having to incur a "strike" for purposes of § 1915(g), should any of his claims be dismissed as frivolous or for failure to state a claim. Courts are therefore obligated to reject misjoined claims like Plaintiff's. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

Here, Defendant Gaskill is the first Defendant named in the action. (*See* ECF No. 1, PageID.1.).[2] As noted above, Plaintiff contends that Defendant Gaskill did not give him his insulin for a week in April of 2022 and also forced him to end his Ramadan fast on April 14, 2022, by telling him that he had to take his insulin at the

---

[2] The analysis of joinder must start somewhere. By accepting the first-named Defendant and the factual allegations against the first-named Defendant as the foundation for the joinder analysis, the Court is considering the issue of joinder of parties as Plaintiff has presented it in his complaint.

9

usual time or she would not give it to him because she did not cater to Muslims. (*Id.*, PageID.2.)

Plaintiff does not allege that Defendants Bush and Velmer were involved in the incident regarding the provision of Plaintiff's insulin. Instead, Plaintiff contends that after he was transferred to MBP, Defendants Bush and Velmer withheld his property. Although Plaintiff vaguely states that they did so out of retaliation, Plaintiff does not automatically have leave to join unrelated claims together. After all, in the prison context, any adverse incident experienced by a prisoner could be claimed to be retaliation; however, such incidents are not necessarily transactionally related. Plaintiff, therefore, has improperly joined Defendants Bush and Velmer.

**B.    Remedy**

Because the Court has concluded that Plaintiff has improperly Defendants Bush and Velmer to this action, the Court must determine an appropriate remedy. Under Rule 21 of the Federal Rules of Civil Procedure, "[m]isjoinder of parties is not a ground for dismissing an action." Fed. Civ. P. R. 21. Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572–73 (2004) ("By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time . . . .'" (citation omitted)); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("[D]ismissal of claims against misjoined parties is appropriate."). "Because a district court's decision to remedy

10

misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV*, 467 F.3d at 845.

At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also DirecTV*, 467 F.3d at 845. Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice. *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846–47.

Plaintiff brings this action under 42 U.S.C. § 1983. For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). Plaintiff complains that Defendants Bush and Velmer withheld his property in 2022. Accordingly, the statute of limitations with respect to Plaintiff's claims against Defendants Bush and Velmer has not yet expired. Moreover, Plaintiff has provided no basis for this Court to conclude that he would suffer gratuitous harm if claims against the misjoined Defendants are dismissed without prejudice.

11

Accordingly, the Court will exercise its discretion under Rule 21 and drop Defendants Bush and Velmer because they are misjoined, and the Court will dismiss Plaintiff's claims against the misjoined Defendants without prejudice to the institution of a new, separate lawsuit. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) ("In such a case, the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs."). If Plaintiff wishes to proceed with his claims against these Defendants, he may do so by filing a new civil action.

## IV. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails 'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

As noted above, Plaintiff contends that Defendant Gaskill violated his Eighth Amendment rights, as well as his Fourteenth Amendment equal protection rights. (ECF No. 1, PageID.3.) The Court has also construed Plaintiff's complaint to assert First Amendment retaliation and free exercise claims against Defendant Gaskill. Plaintiff bases these claims on his allegations that Defendant Gaskill refused to provide his insulin from April 7–13, 2022, causing him to become sick. (*Id.*, PageID.2.) Plaintiff contends that she refused to provide his insulin after Plaintiff threatened to file a grievance regarding the timing of receiving his insulin during Ramadan and because Defendant Gaskill told him that she "does not cater to Muslims." (*Id.*) Plaintiff also contends that Defendant Gaskill forced him to break his Ramadan fast on April 14, 2022, by telling him to take his insulin at the regular time or he would not receive it, again stating that she would not accommodate Muslims. (*Id.*) On that occasion, Defendant Gaskill also referenced that Plaintiff liked to file grievance against her. (*Id.*) Taking Plaintiff's allegations as true and in the light most favorable to him, the Court concludes that Plaintiff has set forth

plausible First, Eighth, and Fourteenth Amendment claims against Defendant Gaskill.

## Conclusion

The Court will deny Plaintiff's motion to appoint counsel. (ECF No. 2.) Furthermore, pursuant to Rule 21 of the Federal Rules of Civil Procedure, the Court will drop as misjoined Defendants Bush and Velmer and dismiss Plaintiff's claims against them without prejudice. All of Plaintiff's claims against Defendant Gaskill remain in the case.

An order consistent with this opinion will be entered.

Dated:  February 22, 2023          /s/ Phillip J. Green
                                                                PHILLIP J. GREEN
                                                                United States Magistrate Judge